# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

KD and JD, Parents, Natural Guardians and
Next Friends of LD,

    Plaintiffs,

v.

DOUGLAS COUNTY PUBLIC SCHOOL DISTRICT NO. 001, a/k/a OMAHA PUBLIC SCHOOLS,

DANIEL BARTELS,

BRIAN ROBESON,

JOE DOE and JANE DOE, Real Names Unknown

    Defendants.

CASE NO. 8:17-cv-285

**STIPULATED PROTECTIVE ORDER**

The Parties expect the disclosure of documents in this case may involve the exchange of sensitive information, including, <u>inter alia</u>, educational information, medical and counseling information, financial and tax information, other personal or business financial information, personally identifying information with respect to Parties, or employees, and/or other information that would be subject to protection from public disclosure. Accordingly, the parties stipulate and agree to, and the Court finds good cause for, entry of the foregoing Protective Order pursuant to Fed. R. Civ. P. 26(c).

It is hereby ordered that:

## I. <u>Treatment of Confidential Information</u>

1. All documents containing information that is to be considered confidential information pursuant to this Order shall be marked "CONFIDENTIAL" in large letters on

the first page and on each page of the document on which confidential information is contained. If a multi-page document is deemed to be confidential in its entirety, a party may so indicate by marking "CONFIDENTIAL – ENTIRE DOCUMENT" in large letters of the first page of the document. Any party involved in this case, or counsel for such party, may designate as confidential any document, testimony, or information disclosed, or to be disclosed, or portion thereof, if the material includes sensitive information. Such designation shall, without more, subject the information produced or provided under said designation to the provisions of this Confidentiality Agreement.

2. Any party in this case, or counsel for such party, may designate as confidential its responses to interrogatories by labeling each response "CONFIDENTIAL." However, the parties or counsel may not designate as "CONFIDENTIAL" any materials related to a) communications that include or name any Plaintiff or Defendant Robeson, unless it contains the names of students or their parents b) any document required to be disclosed in response to a request made under the Nebraska Public Records Act, *Neb Rev Stat* § 84-712 et seq., or under the Federal Freedom of Information Act, 5 USC § 552, or any other law permitting discovery of documents or information upon request by a member of the public, c) any document disclosed previously by the School District to law enforcement except those that contain names of students or their parents, or d) any communication about any Plaintiff between or among any personnel of the defendant School District or any other parties.

3. Subject to the limitations in ¶2, Counsel for any party in this case may designate deposition testimony or any portion of deposition testimony as confidential by

advising the court reporter and counsel of such designation during the course of the deposition.

4. Whenever any material designated as confidential is identified as an exhibit in the above-captioned case, it shall be marked "CONFIDENTIAL" and it shall be subject to all of the requirements of this Confidentiality Agreement.

5. Inadvertent failure to designate a document as "CONFIDENTIAL" may be corrected by supplemental written notice given as soon as practicable.

6. The parties must have a good-faith basis in fact and law to designate the material as confidential.

7. The parties shall act in good faith when determining whether any documents they intend to disclose may contain confidential information and shall make a good-faith effort to designate any such material as being "Confidential," including but not limited to social security numbers and medical/healthcare-related information.

8. Subject to the limitations in ¶2, the parties shall treat as confidential any information related to the medical history and/or treatment of any person identified by Parties as having information relevant to this litigation, regardless of the method by which such information was obtained and regardless of whether such information has been disclosed in any manner prior to the date of this Order. Without limiting the foregoing, any of the parties' discovery requests or responses that reference, contain, or attach information or documents related to such medical history and/or treatment are hereby designated as confidential and subject to the provisions of this Order. The fact that such information is not marked as "Confidential" or that it was received by a third

party or disclosed prior to the entry of this Protective Order shall not alter the parties' obligations under this paragraph.

9. The Parties shall file the Notices of any Third-Party Subpoenas and the Subpoenas as Restricted if they contain the names of the Plaintiffs. The Parties acknowledge that the names of the Plaintiffs whose records are being sought will appear in the subpoena that will be served. The medical, school, counseling, and employment records of the Individual Parties or their families shall be treated as Confidential under this Order.

10. If any party objects to the designation of any information as confidential, that party shall meet and confer with opposing counsel within twenty (20) business days of receipt of this objection in an effort to resolve any such dispute. If the parties are unable to resolve such dispute, the party designating the material as confidential may move to have the Court declare the contested information confidential.

11. Confidential information includes all material designated confidential, pursuant to the terms of this Order, as well as summaries and compilations derived from such confidential materials, including but not limited to charts, tables, graphs, and models.

12. If non-confidential information is contained in or otherwise derived from confidential materials, any portion that consists solely of non-confidential information shall not be confidential for purposes of this Order.

13. In any judicial proceeding in which confidential information may become a part of a written submission to the Court, the parties will (1) delete the confidential

information, or (2) file the written submission as "restricted" through the ECF filing system.

14. If confidential testimony or information is contained in the body of any filings or submissions to this Court (e.g., if confidential material is directly quoted or summarized), the entire filing or submission shall be filed as "restricted" through the ECF filing system.

15. Access to confidential information and documents shall be limited to individuals who must handle those documents for purposes of this litigation.

16. Except as provided for herein, no person having access to confidential information shall make public disclosures of that material without further order of this Court.

17. Upon conclusion of this case, including any subsequent appeals, all originals and copies of confidential material (and all summaries thereof) shall be returned to the producing party or the producing party's counsel or representative or destroyed, unless: (i) otherwise ordered by the Court for good cause shown, (ii) the return or destruction of such materials is prohibited by law, or (iii) the document has been filed with the Court or used as an exhibit.

18. Notwithstanding anything to the contrary herein, the parties to the above-captioned case shall have no obligation under this Order with respect to information that:

    a. is or becomes publicly available (except as by unauthorized disclosure); or

b. is received from a third-party who is rightfully in possession of such information and who has the right to disclose it.

19. This Order in no way alters or supersedes the parties' responsibilities under the E-Government Act of 2002, this Court's Electronic Filing Policies and Procedures, or any other applicable confidentiality laws, rules or regulations.

20. Entering into, agreeing to, and/or complying with the terms of this Order shall not prejudice in any way the rights of any party to object to the production of documents or information it considers non-discoverable, or to seek a Court determination whether particular discovery materials should be produced.

21. No Waiver of Privilege: Disclosure (including production)—regardless of whether such disclosure was inadvertent, advertent, intentional, negligent or otherwise—of documents or electronically stored information ("ESI") that a Party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the disclosing or producing party would otherwise make.

22. Prompt Return of Privileged Documents and ESI: Upon the request of a producing or disclosing Party, the receiving Party shall promptly return and/or destroy all originals and copies of any Privileged Information (including documents or ESI that a Party claims is Privileged Information, even if the receiving Party challenges that claim). Arguments that a disclosure was not inadvertent, that the disclosing or producing Party did not take reasonable or adequate steps to prevent such disclosure, or that the

disclosing or producing party did not promptly notify the receiving party of the "claw back" request, shall not be grounds for claiming the documents or ESI are not privileged or otherwise protected.

23. <u>Procedure if Privilege Claim Disputed:</u> If any Party disputes the privilege claim and objects to a request to return or destroy Privileged Information that was inadvertently produced ("Objecting Party"), that Objecting Party shall notify the producing party of the dispute and the basis therefore in writing within 10 calendar days of receipt of the request for the return of the Privileged Information. The Parties thereafter shall meet and confer in good faith regarding the disputed claim within 10 calendar days. In the event that the Parties do not resolve their dispute, either Party may bring a motion for a determination of whether a privilege applies.

24. <u>Receipt of Privileged Information:</u> If the receiving Party reasonably believes that Privileged Information has been disclosed or produced to it, it shall promptly notify the disclosing or producing Party and sequester such information until instructions as to disposition are received.

25. Nothing in this Order limits the parties' right to seek modification of this Order or to apply for additional protective orders as may become necessary due to a change in circumstances or for other good cause shown.

26. Except as otherwise provided herein, the restrictions and obligations provided in this Order shall not terminate upon the conclusion of this lawsuit, but shall continue subject to order of this Court. They shall terminate upon compliance with this Order at or after the termination of this lawsuit.

IT IS HEREBY ORDERED.

January 10, 2018.

BY THE COURT:

Cheryl R. Zwart
United States Magistrate Judge

Dated January 10, 2018

Respectfully submitted,

/s/ Jill Robb Ackerman

---

Jill Robb Ackerman (NE# 17623)
Leigh Campbell Joyce (NE# 26218)
BAIRD HOLM LLP
1700 Farnam St, Suite 1500
Omaha, NE 68102-2068
Phone: (402) 344-0500
Email: jrackerman@bairdholm.com
      lcampbell@bairdholm.com

**Attorneys for Douglas County School District No. 001, Joe Doe and Jane Doe**

And

/s/ Clarence E. Mock

---

Clarence E. Mock (NE# 15543)
JOHNSON & MOCK
307 N. Oakland Ave.
P.O. Box 92
Oakland, NE 68045
Phone: (402) 685-5647
Email: cmock@johnson&mock.com

**Attorney for Daniel Bartels**

/s/ David A. Domina

---

David A. Domina (NE# 11043)
Brian E. Jorde (NE# 23613)
S. Ryan Greenwood (NE# 25943)
DOMINA LAW GROUP PC LLO
2425 S. 144th St.
Omaha, NE 68144
Phone: (402) 493-4100
Email: ddomina@dominalaw.cm
      bjorder@dominalaw.com
      rgreenwood@dominalaw.com

Kathleen Palleson
SPETHMAN, PALLESON LAW OFFICES L.L.C.
16145 Bedford Ave.
Omaha, NE 68114
(402) 598-9428
Email: Spethmanpallesonlaw@cox.net

**Attorneys for Plaintiffs**

## Attachment A

## ACKNOWLEDGMENT OF CONFIDENTIALITY AND PROTECTIVE ORDER

I, _____, have read and fully understand the Agreed Protective Order filed in *KD and JD, et. al. v. Douglas County Public School District No. 001 et. al., Case No. 8:17-cv-00285.* I am familiar with and agree to comply with and be bound by the provisions of said Order and submit myself to the jurisdiction of the United States District Court for the District of Nebraska, or any other court having jurisdiction over the matters in this lawsuit, for any proceedings with respect to said Order. I will not divulge to persons other than those specifically authorized by paragraph 15 of the Order, or copy or use, except solely for the purposes of this action, any material or information obtained pursuant to said Order except as specifically permitted by the Order. I hereby agree that upon notification of the conclusion of this case, including any subsequent appeals, I shall return all originals and copies of confidential material (and all summaries thereof) to the producing party or the producing party's counsel or representative, or certify that all such documents have been destroyed.

Dated: _____

_____
(Signature)

_____
(Print Name)

_____
(Home Address)

_____
(Home Address Continued)

DOCS/2007893.1