# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KD, Parent, Natural Guardian and Next Friend of LD; and JD, Parent, Natural Guardian and Next Friend of LD;<br><br>    Plaintiffs,<br><br>vs.<br><br>BRIAN ROBESON<br><br>    Defendant. | 8:17CV285<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Plaintiffs' Motion for Default Judgment, ECF No. 176. The Motion will be granted as to liability and the Court will confer with Plaintiffs' counsel to schedule a hearing before the Court on the issue of damages.

## BACKGROUND

Plaintiffs filed this action on August 2, 2017, against Defendants Douglas County Public School District No. 001, a/k/a Omaha Public Schools (OPS), Daniel Bartels, and Brian Robeson. ECF No. 1. Summonses were issued August 3, 2017. ECF No. 8, Page ID 59. Robeson was served with a summons and a return of service was filed on August 9, 2017. ECF No. 12 Page ID 65. Proof of service on Robeson was filed with this Court on August 9, 2017. The Court dismissed OPS and Bartels on November 1, 2020. Though Robeson gave a deposition at the Lincoln Correctional Center, he failed to answer or otherwise plead.

Robeson was formerly employed by OPS. From August 2003 to 2013, he was assigned to OPS's Prairie Wind Elementary School, teaching sixth grade for several of

those years. In 2013, he transferred to Davis Middle School, because Prairie Wind Elementary was eliminating its 6th Grade. After transferring, Robeson taught 7th Grade pre-algebra and algebra, and "Take Flight Class." In 2013-14, Robeson taught algebra to LD. She was also in Robeson's "Take Flight Class." Robeson was not LD's teacher in 2014-15 when she was in 8th Grade.

Robeson began a sexual relationship with LD in September 2014 which continued into the summer between LD's 8th Grade year and her high school freshman year. Robeson's conduct was discovered on December 27, 2015, when he was caught inside the residence of KD and JD. This led to Robeson's arrest and conviction for first degree sexual assault. Robeson is presently serving a 40-year sentence in the Nebraska Penal and Correctional Complex.

As a result of Robeson's sexual assault of LD, LD suffered several injuries requiring medical care. LD suffered physical harm and psychological injury. Her psychological injury includes post-traumatic stress disorder (PTSD); damage to her ability to trust and carry on healthy, intimate relationships; interference with normal brain development; and permanent depression and anxiety. As a result of her injuries, she has suffered special damages including expenses for physical medical examinations, psychological examinations, psychiatric examinations, and therapy. Plaintiffs expect these treatments to be required for the rest of LD's life. KD and JD have also sustained general damages for intentionally inflicted emotional distress.

## STANDARD OF REVIEW

"The Federal Rules of Civil Procedure commit the entry of a default judgment against a party to the sound discretion of the trial court." *Belcourt Pub. Sch. Dist. v. Davis*,

786 F.3d 653, 661 (8th Cir. 2015) (quoting *FTC v. Packers Brand Meats, Inc.*, 562 F.2d 9, 10 (8th Cir. 1977)) (per curiam). It is "appropriate for a district court to enter a default judgment when a party fails to appropriately respond in a timely manner." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (citing *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 119 (8th Cir. 1997)). "Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but 'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (quoting 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2688 (3d ed 1998)).

## DISCUSSION

Plaintiffs asserted claims against Robeson for battery and intentional infliction of emotional distress. They also sued Robeson for violation of LD's constitutional rights under 42 U.S.C. § 1983. They now request a hearing to determine the amount of damages, asserting that evidence of her damages is not amenable to presentation on paper. The Court will first review the legitimacy of LD's claims against Robeson and then consider how to determine damages.

**I. Robeson's Liability**

To state a legitimate battery claim, Plaintiffs must plead facts alleging that Robeson had physical contact with LD "without consent or justification." *Kant v. Altayar*, 704 N.W.2d 537, 540 (Neb. 2005). To state a legitimate claim for intentional infliction of emotional distress, Plaintiffs must allege facts showing (1) intentional or reckless conduct, (2) the conduct was "so outrageous in character and so extreme in degree as to go

beyond all possible bounds of decency and is to be regarded as atrocious and utterly intolerable in a civilized community," and (3) the conduct caused "emotional distress so severe that no reasonable person should be expected to endure it." *Id.* (citing *Gall v. Great Western Sugar Co.*, 363 N.W.2d 373 (Neb. 1985)). "The same wrongful conduct may support a civil action based on a theory of battery as well as an action based upon the independent tort of intentional infliction of emotional distress." *Id.*

The Complaint states legitimate causes of action with respect to both torts. Plaintiffs alleged that Robeson sexually assaulted LD—his 8th grade student—on an unknown number of occasions. LD could not consent to Robeson's sexual contact. Further, Plaintiffs have pled that Robeson's conduct was outrageous and caused LD and her family severe emotional distress.

Under § 1983, Plaintiffs must assert facts that "the conduct complained of was performed under color of state law and that the conduct deprived [Plaintiffs] of rights, privileges, or immunities secured by the Constitution or Federal law." *Kinman v. Omaha Pub. Sch. Dist.*, 171 F.3d 607, 611 (8th Cir. 1999). The Eighth Circuit has found due process violations when state actors have sexually abused individuals. *Id.* Specifically, the Eighth Circuit has held that a student states a legitimate claim when she alleges that her teacher "deprived her of her constitutionally protected substantive right to be free from such bodily harm and sexual molestation and abuse as secured by the Due Process and/or Equal Protection Clauses of the 14th Amendment to the U.S. Constitution." *Id.* This is the precise nature of Plaintiffs' § 1983 claims. Accordingly, Plaintiffs have stated a legitimate cause of action under § 1983 for purposes of default judgment.

## II. Assessment of Damages

Having determined that Plaintiffs stated legitimate causes of action against Robeson, the Court must determine the amount of damages. Rule 55 (b)(2) of the Federal Rules of Civil Procedure states that the Court "may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to" conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. Plaintiffs assert that documentary presentation of the injuries suffered by a sexual assault victim does not allow the decisionmaker to conduct a meaningful evaluation of the evidence and injury. Accordingly, Plaintiffs request a hearing with live testimony. Plaintiffs further request that "their right to trial by jury be respected on the issue of damages." Pl. Br. at 4, ECF No. 179, PageID 3601.

### A. *Right to Jury Trial After Default Judgment*

Plaintiffs cite no authority for their proposition that they have a constitutional right to a jury trial on the issue of damages after a default. The Eighth Circuit has not considered this issue; however, most circuits that have addressed the issue have held the Seventh Amendment right to jury trial does not survive default. *See Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) *cert. denied*, 540 U.S. 1089, (2003) ("Defendants do not have a constitutional right to a jury trial following entry of default"); *Sells v. Berry*, 24 F. App'x 568, 571 (7th Cir. 2001); *Graham v. Malone Freight Lines, Inc.*, 314 F.3d 7, 16 (1st Cir. 1999); *Matter of Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992) ("It is also 'clear ... that in a default case neither the plaintiff nor the defendant has a constitutional right to a jury trial on the issue of damages'") (quoting 5 James W. Moore, et. al., Moore's Federal Practice § 38.19(3) (1992)); *Adriana Int'l Corp. v. Thoeren*, 913

F.2d 1406, 1414 (9th Cir. 1990). *See also Parlier v. Casteen*, No. 5:14CV00085, 2016 WL 3032692, at *2, n. 2 (W.D.N.C. May 26, 2016); *Raines v. Hollingsworth*, No. CIV. 08-1016-KES, 2009 WL 3233430, at *17 (D.S.D. Sept. 28, 2009).

Federal Rule of Civil Procedure 55(b)(2) provides that courts can conduct hearings to determine the amount of damages after default judgment, "preserving any federal statutory right to a jury trial." Fed. R. Civ. P. 55(b)(2). Despite the reference to a "federal statutory right to a jury trial," courts and scholars interpret the text to apply only to the unusual situation where a statute specifically preserves the right to a jury trial after default judgment. *Manno v. Tennessee Prod. Ctr., Inc.*, 657 F. Supp. 2d 425, 430 (S.D.N.Y. 2009); *Benz v. Skiba, Skiba & Glomski,* 164 F.R.D. 115, 116 (D. Me. 1995); 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2688 (4th ed. 2019).

The Advisory Committee notes make clear that the reference to jury trial in Rule 55 applies only to statutes that specifically require jury trials after default. The notes state that this clause "preserves 28 U.S.C. § 1874 and similar statutes." Notes of Advisory Committee on Rules, 1937 Adoption, Note to Subdivision (b). Section 1874 provides that in certain types of collection actions there is a right to jury trial after default. Unlike § 1874, 42 U.S.C. § 1983 does not specifically preserve the right to a jury trial after default. Accordingly, there is no statutory or constitutional right to a jury trial on the issue of damages in this case.

### B.  *Nature of Hearing on Damages*

Although Plaintiffs do not have a right to a jury trial on the issue of damages, courts have discretion to order a jury trial as to damages after default judgment if it appears to be the best way to assess damages. *Armeni v. Transunion LLC, Inc.,* No. 3:15-CV-00066,

6

2016 WL 7046839, at *3 (W.D. Va. Dec. 2, 2016); *Lumbermen's Mut. Cas. Co. v. Holiday Vehicle Leasing Inc.*, No. 02CIV.137(LAK)(MHD), 2003 WL 1797888, at *2 (S.D.N.Y. Apr. 4, 2003); *Benz*, 164 F.R.D. at 117; *Gill v. Stolow*, 18 F.R.D. 508, 510 (S.D.N.Y. 1955), *rev'd on other grounds*, 240 F.2d 669 (2d Cir. 1957) ("[I]t is no doubt within my discretion to order a jury trial on this issue . . ."); Wright & Miller § 2688 ("[T]he court may order a jury trial as to damages in a default situation if it seems to be the best means of assessing damages.").

Here, the Court concludes that judicial economy, responsible stewardship of juror resources, and all other factors weigh in favor of a hearing on the issue of damages before the Court without a jury.[1]

Accordingly,

IT IS ORDERED:

1. The Motion for Default Judgment, ECF No. 176, is granted as to liability; and
2. The Court will confer with counsel for Plaintiffs to schedule a hearing on the issue of damages before the Court.

Dated this 20th day of February 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge

---

[1] The Court acknowledges that other courts have, in their discretion convened a jury for the purposes of determining damages. *See Armeni*, 2016 WL 7046839, at *4; *Ault v. Baker*, No. 4:12-CV-00228-KGB, 2013 WL 1247647, at *10 (E.D. Ark. Mar. 27, 2013). However, in these cases, the defendants appeared after entry of default and demonstrated an intent to defend against the plaintiffs' claims for damages. Robeson has shown no intention of defending against Plaintiffs' claims for damages.