IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KD, Parent, Natural Guardian and Next Friend of LD; and JD, Parent, Natural Guardian and Next Friend of LD;<br><br>Plaintiffs,<br><br>vs.<br><br>BRIAN ROBESON<br><br>Defendant. | 8:17CV285<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiffs' Motion for Default Judgment, ECF No. 176, on the issue of damages. In the Memorandum and Order dated February 20, 2020, ECF No. 180, the Court granted Plaintiffs' Motion for Default Judgment. On March 9, 2020, Plaintiffs appeared before the Court to present evidence on the issue of damages. At the hearing on damages, Plaintiffs presented testimony from KD, JD, LD, Dr. Kevin Ray Piske, and Father David Martin Korth. The Court also received into evidence Exhibit 206 and took judicial notice of evidence already electronically filed in the record.[1]

## DISCUSSION

"When a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proved in a supplemental hearing or proceeding." *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001).

---

[1] At the hearing, Plaintiffs' counsel represented that, except for Exhibit 206, the evidence presented at the hearing corresponded to evidence presented during summary judgment proceedings. Further review revealed that the evidence presented at the hearing did not correspond to the evidence at summary judgment proceedings, though it appears some of the documents have been filed with the Court.

1

Plaintiffs bear the burden of establishing damages "to a reasonable degree of certainty." *See id.* Plaintiffs have presented evidence of general and special damages[2] and the Court has reviewed Plaintiffs' evidence under this standard.

**General Damages**

Plaintiff LD's testimony established that she suffered significant damages because of Robeson's conduct. LD's testimony was corroborated by the testimony of the other witnesses. After reviewing the evidence in the record and comparing jury verdicts in similar cases, the Court concludes that LD is entitled to general damages in the amount of $1,000,000.00.

**Special Damages**

Plaintiffs have submitted proof of LD's future special damages. At the evidentiary hearing, Plaintiffs introduced the Declaration of S. Ryan Greenwood, Exhibit 206, which detailed Plaintiffs' request for LD's future mental health treatment. Plaintiffs' calculation of the cost of future mental health treatment considered the projected inflation rate and discounted the total amount to present value. The Court has reviewed the calculation and concludes that Plaintiffs' request is reasonable. Accordingly, Plaintiffs are awarded special damages in the amount of $249,540.41.

The Court cannot determine the amount of the Plaintiffs' damages for LD's past medical or mental health treatment or any other special damages. Although Plaintiffs have referred to expenses for past treatments, Plaintiffs have not submitted invoices or any documents providing a partial or comprehensive summary of LD's care. At the hearing, Plaintiffs presented testimony of the cost of therapy for KD and JD, but counsel

---

[2] Plaintiffs' Complaint also made a request for punitive damages under 42 U.S.C. § 1983 but Plaintiffs have not presented any argument or request for punitive damages at this stage.

for Plaintiffs made clear that they were not seeking special damages for anyone other than LD. Instead, such testimony was meant to show the "full insult" to the entire family. KD also testified that the family's annual deductible and co-pay expenses were about $5,000, but KD was not sure whether the family actually paid that amount each year and there was no evidence of actual medical expenses for LD. Plaintiffs have not attempted to provide any evidence of LD's past medical expenses "to a reasonable degree of certainty." *See Everyday Learning*, 242 F.3d at 818. Accordingly, the Court cannot enter a special damages award for these expenses.

IT IS ORDERED:

1. Default judgment is entered in favor of Plaintiffs and against Defendant Brian Robeson in the amount of $1,249,540.41; and
2. A separate judgment will be entered.

Dated this 18th day of March, 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge